UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID ALAN NOVOSELSKY, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 17 cv 00427 JPS |
| CRISTINA ZVUNCA, not individually but as the Supervised Administrator of The ESTATE OF CLAUDIA ZVUNCA, deceased, et al., | ) |
| Defendants. | ) |

**STEVENS AND CUSHING FEE PETITION**

Pursuant to this Court's December 29, 2017 Order (Doc. #42), Jeanine Stevens and F. John Cushing ("Movants") submit this petition seeking fees from plaintiff David Novoselsky. As supported by the attached Declaration of Scott G. Golinkin (Ex. A hereto), Movants request fees (no costs are sought) in the total amount of $16,050.00. Movants respectfully submit that the fees sought directly resulted from Novoselsky's Rule 11 violation, and are reasonable.

**The Fees Sought Directly Resulted From Novoselsky's Rule 11 Violation**

Rule 11 sanctions are limited to those needed "to deter repetition of the conduct or comparable conduct by others" and may include "an order directing payment to the movant of part or all of the reasonable attorney's fees … directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "This ensures that the proponent of a sanctionable position ultimately pays the costs resulting from it, serving a dual purpose of deterrence and restitution, while avoiding blanket fee-shifting … ." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003).

Where a complaint is completely unjustified and the moving party has prevailed entirely, all of the fees and costs reasonably incurred defending against it are a proper measure of the

1

sanctions. *See Divane*, 319 F. 3d at 315 (where plaintiff files "a baseless single-count complaint," fees attributable to plaintiff's conduct are "those that the defendant spent answering the complaint and defending against it.").

Novoselsky's Complaint advanced a single claim and a single count against Movants, and it was dismissed completely. The entire Complaint was unjustified; it had no business in this Court because it was premised on jurisdictional claims that were objectively frivolous and unreasonable. The legal fees Movants seek are for work addressing those claims. That the merits allegations were never reached does not limit Movants' fees; all their reasonable fees directly resulted from Novoselsky's violation of Rule 11 and should be awarded under *Divane*.

### The Fees Sought by Movants Are Reasonable

The lodestar process used to determine the amount of a sanctions award is concisely summarized in *Super Pawn Jewelry & Loan, LLC v. American Environmental Energy, Inc.*, No. 11-cv-08894 (N.D. Ill. April 16, 2015) at pp. 10-11 (attached as Ex. B hereto):

> In assessing reasonable attorney's fees under Rule 11, a court may use the lodestar method, meaning "a computation of the number of reasonable hours expended multiplied by a reasonable hourly rate." See *Divane,* 319 F.3d at 318 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). The reasonableness of an attorney's hourly rate is determined by the market rate of the services rendered. *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205,* 90 F.3d 1307, 1310 (7th Cir. 1996). It is presumptively appropriate to use an attorney's true billing rate as his or her market rate, *id.,* and the best evidence of whether an attorney's fees are reasonable is whether the party has paid them. *Cintas Corp. v. Perry,* 517 F.3d 459, 469 (7th Cir. 2008). Once a reasonable hourly rate is determined, the Court must then analyze the number of hours expended. *Hensley,* 461 U.S. at 433. "In determining the reasonable number of hours, [a] court should exclude hours that are `excessive, redundant or otherwise unnecessary.'" *Small v. Richard Wolf Med. Instruments Corp.,* 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley,* 461 U.S. at 434). After multiplying the reasonable hours by a reasonable rate, a court may adjust the fee award upward or downward, depending on a variety of factors, see *Shales,* 2007 WL 2274664, at *1 (citing *Hensley,* 461 U.S. at 430 n.3), and "retains a great deal of discretion" in doing so, *Zagorski v. Midwest Billing Servs., Inc.,* 128 F.3d 1164, 1167 (7th Cir. 1997). Lastly, in applying a lodestar analysis, a court need not perform a line-by-line review of a fee petition. See *Shales,* 2007 WL 2274664, at *1 (citing *Divane,* 319 F.3d at 317);

2

*Tomazzoli v. Sheedy,* 804 F.2d 93, 98 (7th Cir. 1986) ("it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application").

Although Movants were represented by two counsel (Scott Golinkin and David H. McCarthy III), fees are requested only for the attorney who took the larger role in addressing the Complaint. The knowledge counsel obtained from representing Movants in the underlying Illinois sanctions case saved considerable time and work that otherwise would have been necessary to become familiar with the Complaint allegations and history. Counsel's usual and customary fee in 2017 was $300.00 per hour (Ex. A, ¶4), which is well within the range of fees this Court has previously approved. *See Heling v. Creditors Collection Service, Inc.*, No. Case No. 15-CV-1274-JPS (E.D. Wisc., June 12, 2017) (Ex. C hereto). That rate, multiplied by the total of 53.5 hours listed in the Declaration, equals $16,050.00 under the lodestar method.

This fee petition requests payment for customary work in such cases, including (a) analysis of the Complaint and potential defenses, (b) research and preparation of the motion to dismiss presenting multiple subject matter jurisdiction, personal jurisdiction and venue defenses, (c) analysis of the response to the motion to dismiss, additional research and preparation of reply brief, (d) consideration of filings by co-defendant, the Estate of Claudia Zvunca, deceased, and (e) limited essential coordination with other defense counsel.

It includes work necessitated by Novoselsky's continuation of his unsustainable Complaint by motions filed <u>after</u> Movants' first Rule 11 letter, specifically:

- responding to Novoselsky's response brief in support of his Complaint;

- Novoselsky filed two (meritless) motions for injunction and discovery (Doc. #25, June 16, 2017, and Doc. #26, June 19, 2017); before he moved to withdraw them (Doc. #28), Movants' counsel was obligated to review and assess both the motions and the response filed by co-defendant, the Estate of Claudia Zvunca, deceased; and

- Novoselsky filed a motion for leave to file a sur-reply (Doc. #31) and another for leave to file documents and for further relief (Doc. #32). Movants' counsel was obligated to

3

review and assess both motions. (Movants prepared a response to the latter, but filing it was obviated by the Court's order dismissing the complaint (Doc. #33). Movants do <u>not</u> seek fees for preparing the unfiled response.).

Although Novoselsky offered little to no authority to support his opposition to Movants' motion to dismiss the Complaint, that did not relieve Movants' counsel from the need to research his contentions to refute them. Similarly, his false factual allegations required work to contradict. All of this was directly occasioned by the Complaint; none of it would have been necessary without it.

Movants have made every effort to exclude items not eligible for payment and to eliminate time that, while in fact legitimately performed, might approach the vicinity of excessive, redundant or unnecessary. (Ex. A, ¶5.) Movants have excluded charges for:

- sound arguments researched but ultimately not presented as unnecessary (res judicata, *Younger* doctrine);

- researching and preparing a response to Novoselsky's motion for leave to file a sur-reply (Doc. #31) and for leave to file documents and for further relief (Doc. #32) – not filed because the Court ruled before they could be filed;

- most communications with counsel for co-defendant, the Estate of Claudia Zvunca, deceased;

- research, preparation and filing of the sanctions motion and subsequent response brief;

- research, preparation and filing of this fee petition;

- preparation of Rule 11 letters to Novoselsky; and

- research to determine inapplicability of the "lawyer-as-witness" doctrine when Novoselsky threatened in a May 15, 2017, letter to seek to disqualify one of Movants' counsel, claiming he would be a witness as to allocation of settlement proceeds in the underlying Illinois wrongful death case and so could not represent Movants under that doctrine.

Two perspectives are useful. One is that the fees here represent only a bit more than one week's work over a four month period, a reasonable devotion of time. Another consideration is

4

whether the fees sought are proportional to the stakes of the litigation. Here, the fees are reasonably proportional (16%) to the $100,000 at stake in the Complaint.

## Conclusion

Novoselsky's Complaint was woefully shoddy, but that didn't minimize Movants' legal fees and doesn't protect Novoselsky from the consequences of that shoddy work. "[A] party cannot "`foist its expenses off on its adversaries,'" especially when "[s]hallow claims may require costly replies." *Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 648 (7th Cir. 1992), quoting *Classic Components Supply, Inc. v. Mitsubishi Electronics America, Inc.*, 841 F.2d 163, 165 (7th Cir.1988). As the Seventh Circuit has stated, "[w]e have little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks." *Brandt*, 960 F.2d at 648.

For the reasons stated above and in the accompanying Declaration, Movants respectfully requests that this Court order plaintiff David Novoselsky to pay to Movants, by a date certain, attorney fees in the amount of $16,050.00, and for such other and further relief as is just and proper.

Dated: January 12, 2018                        Respectfully submitted,

                                                  F. JOHN CUSHING III and
                                                  JEANINE L. STEVENS

                                                  By: _s/Scott G. Golinkin_____
                                                      One of their attorneys

David H. McCarthy III                            Scott G. Golinkin
1817 Cliffside Court                                55 East Erie Street #2201
Naperville, IL  60565                              Chicago, IL 60611-2249
630-219-3068                                                  312-280-8807
dhmccarthyiii@aol.com                            sgglaw@att.net