## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ) | **Case No. 17 CV 427** |
| DAVID A. NOVOSELSKY ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| CRISTINA ZVUNCA ) | |
| JEANINE L. STEVENS ) | |
| F. JOHN CUSHING III ) | |
| Defendants ) | |
| _____ ) | |
| DAVID A. NOVOSELSKY ) | **Case No. 17 CV 477** |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| MARSHALL SPIEGEL ) | |
| JOHN S. XYDAKIS ) | |
| NEIL R. MECCIA ) | |
| NAT'L. COLLEGE NAPRAPATHY ) | |
| Defendants | |

## DEFENDANTS' MOTION TO CONSOLIDATE OR TRANSFER

NOW COME Defendants Neil. R. Meccia, Marshall Spiegel and John Xydakis in Case No.

17 CV 477, by and through attorney John Xydakis, and in moving this Honorable Court (the

Hon. Judge Stadtmueller) to consolidate or transfer Case No. 17 CV 427 and 17 CV 477 pending

in this District Court, pursuant to Local Rule 42 of the District Court for the Eastern District of

Wisconsin, state as follows:

1.      Twelve days after plaintiff/attorney David Novoselsky filed his first case here

(*Novoselsky I*, 17 CV 427), Novoselsky filed a related case (*Novoselsky II*, 17 CV 477).

*Novoselsky I's* Count I (Exhibit A) and *Novoselsky II's* Count V (Exhibit B) share common facts:

| Novoselsky v. Zvunca et al (17 CV 427, Doc. 1) | Novoselsky v. Spiegel et al (17 CV 477, Doc. 7) |
|---|---|
| 18. On April 11, 2014, Defendant Zvunca, in her individual capacity and as Administrator of the Estate filed an action before the United States District Court for the Northern District of Illinois, Eastern Division, entitled Zvunca et al. v. Maddux, et al. 1:14-cv- 02609. That action included as a party defendant and sought relief against Novoselsky, along with several former judges, attorneys, law firms and others. (A copy of this Complaint ("the federal complaint") is attached and is incorporated by reference herein Exhibit "C".) | 59. In 2014 Defendant Xydakis, as counsel for a Court Supervised Estate, filed a lawsuit in the United States District Court for the Northern District of Illinois against Plaintiff Novoselsky under Docket number 14 cv 02609. |
| 20. On April 14, 2014, Defendant Zvunca, in her individual capacity and as Administrator of the Estate filed a second action before the Circuit Court of Cook County, Illinois, entitled Zvunca et al. v. Greyhound Lines, et al. 14 L4197. That action included as a party defendant and sought relief against David A. Novoselsky, along with several entities, attorneys, law firms and others. (A copy of this Complaint ("the Cook County complaint") is attached and is incorporated by reference herein Exhibit "D".) | 61. Also in 2014 Xydakis, as counsel for a Court Supervised Estate, filed a lawsuit in the Circuit Court of Cook County against Plaintiff Novoselsky under Docket number 14 L 004197. |
| 22.     On November 5, 2014, the federal complaint was dismissed with prejudice. (See Order attached and incorporated by reference herein Exhibit "E".) 23.     On February 26, 2016, the Cook County complaint was dismissed with prejudice. (See Order attached and incorporated by reference herein Exhibit "F".). | 62. Within a short time thereafter, the Judge of the Circuit Court supervising the Estate that was the putative Plaintiff in the action filed against Novoselsky found that the filing had not been authorized as required by the Court and directed Xydakis to dismiss the action with prejudice. The Administrator of the Estate also repudiated Xydakis' right to have filed this action. |

2.      Defendant Xydakis in *Novoselsky II* filed the bankruptcy proof of claim (Claim No. 40) for the $100,000 sanction (and then some) for the Estate of Claudia Zvunca. Novoselsky's counts against Defendants in *Novoselsky I* relate to Novoselsky's charge he did not owe the $100,000 sanction anymore.  Defendant Xydakis in *Novoselsky I* was also counsel with Scott Golinkin, attorney in *Novoselsky II*, in Novoselsky's prior "preposterous" removal sanction

appeal (*MB Financial v. Stevens*, 678 F.3d 497, 498-500 (7th Cir. 2012)).  Despite this,

Novoselsky refused to file *Novoselsky II* as related.

        3.        District courts may "adopt and amend rules governing its practice." Fed.R.Civ.P.

83(a).  Once adopted, local rules "have the force of law." *Link v. Wabash*, 291 F.2d 542, 546 (7th

Cir. 1961).  Local Rule 42(a) allows the judge assigned to the lower numbered case to

consolidate or transfer for a limited purpose or for all proceedings.[1]

        4.        This Honorable Court has broad discretion to consolidate cases. *U.S. Bank v.*

*Springfield*, 2015 WL 13333510, \*1 (C.D. Ill. 2015).  Identical parties are not required. *Id.* at \*2.

A common plaintiff suffices. *Id*.  Neither identical relief nor issues is required. *Id.* at \*3.  A

shared legal or factual question suffices. *Id*.

        5.        This Honorable Court also has broad discretion to transfer the case as related.

*Save Power v. Syntek*, 121 F.3d 947, 950-951 (5th Cir. 1997).  Like consolidation, identical

parties are unnecessary. *Id.* at 950.  An overlap of the issues and judicial economy suffice. *Id.*

        6.        This Honorable Court already is familiar with the *Zvunca* related proceedings.

Judicial economy strongly favors simultaneous resolution of similar claims. *U.S. Bank* at \*1.

Novoselsky will suffer no prejudice from consolidation or transfer.  He is plaintiff in both.  In

*Novoselsky II*, the parties are still at the pleading stage.  An administrative stay was in effect.  A

motion to lift the stay is pending.  Motions to dismiss and a motion for sanctions were filed but

not briefed.

---

[1] Civil L. R. 42. Consolidation. (a) When a party moves to consolidate two or more cases, whether for a limited purpose or for all future proceedings, the motion to consolidate and supporting materials must be captioned with the case names and numbers of all cases sought to be consolidated. Service and filing must be effected in all of the cases sought to be consolidated. The motion must be decided by the judge to whom the lowest numbered case is assigned. If the motion is granted, the judge to whom the lowest numbered case is assigned will handle all future proceedings covered by the consolidation order.

WHEREFORE, Defendants pray that Honorable Court consolidate or transfer as related Case

No. 17 CV 427 and Case No. 17 CV 477 and for any further and equitable relief as may be just.

Dated: January 29, 2018

Respectfully Submitted,
John S. Xydakis
Marshall Spiegel
Neil R. Meccia


BY:___/s/ John Xydakis_____
Defendants' Attorney

John Xydakis (ARDC No. 6258004)
LAW OFFICE OF JOHN S. XYDAKIS
Suite 402
30 N. Michigan Ave
Chicago, IL 60602
(312) 488-3497

## CERTIFICATE OF SERVICE

   I, John Xydakis, hereby certify that a true and correct copy of the above was filed and served on the persons who have appeared and are entitled to receive notice by electronic mail through the Court's CM/ECF electronic delivery system by filing it on both dockets (Case No. 17 CV 427 and Case No. 17 CV 477) of the United States District Court for the Eastern District of Wisconsin's CM/ECF system on January 29, 2018.

BY:____/s/ John Xydakis__


## DECLARATION PURSUANT TO 28 U.S.C. § 1746

   Pursuant to 28 U.S.C. § 1746, I, John S. Xydakis, declare under penalty of perjury that the documents attached hereto are true and correct copies of the same.
Executed on January 29, 2018.

BY: /s/          John Xydakis_____

## LOCAL RULE 7(a)(2) CERTIFICATION

   Pursuant to the District Court for the Eastern District of Wisconsin's Local Rule 7(a)(2), I, John S. Xydakis, certify that no other memoranda or other supporting papers will be filed in support of this motion.
Executed on January 29, 2018.

BY: /s/          John Xydakis_____