UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID ALAN NOVOSELSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 17 cv 00427 JPS |
| ) | |
| CRISTINA ZVUNCA, not individually but ) | |
| as the Supervised Administrator of ) | |
| The ESTATE OF CLAUDIA ZVUNCA, ) | |
| deceased, et al., ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF
## STEVENS AND CUSHING FEE PETITION

Novoselsky makes three arguments to reduce Movants' fee petition. They provide no insight or value to this Court.

First, Novoselsky suggests that Movants' counsel's fees are too high because, in an earlier action against him, the Seventh Circuit reduced that counsel's appeal fees as excessive. Predictably, Novoselsky misleads about that decision. According to him, the 7th Circuit "observed that a Court deciding whether a fee request was reasonable in the defense of a 'frivolous' action should recognize that it 'takes less legal time to fend off a frivolous [cause of action] than to obtain the favorable judgment in the first place.'" (Doc. 45, p. 3.) What the 7th Circuit actually said was that "it takes less legal time to fend off a frivolous *appeal* than to obtain the favorable judgment in the first place." (Doc. #45-1, p. 2 (emphasis added).)

This case, though, *is* the "first place," not the appeal, so Novoselsky's ruse does him no good. It was before this Court that Movants "d[id] the legal research and develop[ed] the essential arguments." (Doc. #45-1, p. 2.) The pertinent 7th Circuit point was that fees should be proportional

1

to the amount at issue and the stage of litigation. Fees in this Court equaling 16% of the amount at issue do not suggest excess, especially given the briefing and motion practice Novoselsky engendered after the first Rule 11 letter.[1]

Second, Novoselsky urges that Movants' fees should be reduced because all work after the initial Rule 11 letter was "duplicative." This ignores all of the work, including further research, necessitated by Novoselsky's response brief and motions filed after that letter.

Finally, Novoselsky challenges fees for discussions and strategy conferences and electronic filing. He cites no authority that such fees cannot be awarded and he does not even identify the dates of those tasks, much less estimate the time involved. Reporting and strategy discussions among counsel representing different (albeit aligned) parties is common and reasonable, and counsel excluded most communications with counsel for the Estate of Claudia Zvunca. Novoselsky is correct that courts are free to shun line-by-line inquiries of fee petitions. As the party contesting the petition, he is not freed of the obligation to specify his objections.

Like the proverbial orphan-by-double-homicide, Novoselsky pleas for too much leniency. The costs he triggered are not diminished because he was, to be generous, reckless in his treatment of Movants and the legal system. *Brandt v. Schal Associates, Inc.*, 960 F.2d 640, 648

---

[1] The 7th Circuit also was uncharacteristically wrong on several facts pertaining to Movants' counsel here. For example, it asserted that Movants' counsel here made all of the substantive arguments in the trial court, and that he sought fees for post-oral argument submissions about Novoselsky misrepresentations to that Court. (Doc #45-1, p. 2.) In fact, counsel here was not involved in the trial court in that case at all, and never sought fees for his letters to the 7th Circuit because that work was an ethical obligation, not a client service. *See* attached Declaration of Scott G. Golinkin.

2

(7th Cir. 1992) ("[w]e have little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks"). Novoselsky created this mess; he is responsible for its costs.

Dated: January 30, 2018

Respectfully submitted,

F. JOHN CUSHING III and
JEANINE L. STEVENS

By: _s/Scott G. Golinkin_____
     One of their attorneys

Scott G. Golinkin
55 East Erie Street #2201
Chicago, IL 60611-2249
312-280-8807
sgglaw@att.net