# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID ALAN NOVOSELSKY,<br><br>Plaintiff,<br><br>v.<br><br>CRISTINA ZVUNCA, *as Supervised Administrator of the Estate of Claudia Zvunca*, JEANINE L. STEVENS, and F. JOHN CUSHING, III,<br><br>Defendants,<br><br>and<br><br>MARSHALL SPIEGEL, JOHN S. XYDAKIS, and NEIL R. MECCIA,<br><br>Movants. | Case No. 17-CV-427-JPS<br><br>**ORDER** |

On July 17, 2017, the Court issued an order dismissing this action for lack of subject-matter jurisdiction. *Novoselsky v. Zvunca*, Case No. 17-CV-427-JPS, 2017 WL 3025870, at *1 (E.D. Wis. July 17, 2017). Defendants Jeanine L. Stevens and F. John Cushing, III (collectively, "Defendants") then filed a motion for sanctions against Plaintiff David Alan Novoselsky ("Novoselsky"). (Docket #35). The Court granted that motion in an order dated December 29, 2017, finding that Novoselsky's filings in this case were frivolous and deserving of sanctions pursuant to Federal Rule of Civil Procedure 11. (Docket #42).

The Court awarded Defendants their reasonable attorney's fees and expenses incurred in this case—excluding any fees or expenses incurred in connection with the sanctions request itself—and directed the parties to

submit supplemental briefing on the appropriate amount of the award. *Id.* at 20–22. That briefing has been submitted, and the Court now arrives at the final fee award for Defendants.

1.   **DEFENDANTS' FEE PETITION**

As the Court noted in its prior order, a district court enjoys broad discretion in arriving at a sanctions award that it believes will deter future violations of Rule 11 by the violator and others like him. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998); *Brandt v. Schal Assoc., Inc.*, 960 F.2d 640, 645 (7th Cir. 1992). When attorney's fees are awarded under Rule 11, the Seventh Circuit applies the teachings of *Hensley v. Eckerhart*, 461 U.S. 424 (1983), to this determination, *Divane*, 319 F.3d at 317. "Under *Hensley*, the starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Id.* (citing *Hensley*, 461 U.S. at 434). While the lodestar figure can be adjusted where the circumstances warrant it, "[t]here is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).[1]

---

[1] It is also important that the award address only those fees which result directly from sanctionable conduct. *Divane*, 319 F.3d at 314. Sometimes, that is a difficult question, particularly in cases with numerous litigants, claims, and defenses. *See id.* Here, it is not. The Court has already found that Defendants are entitled to a reasonable fee for all their work related to this case, as Novoselsky's complaint contained several obvious jurisdictional defects. Those deficiencies undermined the entire action, because they demonstrate that it should never have been filed. Thus, all of counsel's work on the case outside the sanctions motion itself bears a sufficient causal relationship to Novoselsky's misconduct. With the question of causation easily resolved, the only remaining matter is a calculation of what the reasonable fee is.

On the matter of reasonable rate, courts normally use the attorney's actual billing rate for similar litigation as a representation of the market rate for the services. *Id.* The fee applicant bears the burden of proving that his rate is reasonable. *Id.* While fights often arise over a comparison between the counsel's rate and comparable rates charged by others in the community, Novoselsky does not dispute the $300 per hour rate of Defendants' counsel. (Docket #45 at 1).

The parties' dispute instead focuses on the reasonableness of the claimed hours. In determining the reasonable number of hours expended, a court should exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In this vein, counsel for the fee applicant is expected to exercise "billing judgment" when presenting their bill to the court, by "winnowing the hours actually expended down to the hours reasonably expended." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) (quotation omitted). The "winnowing" process involves excluding not only hours "that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Id.* at 553. This principle is sometimes characterized as an antecedent duty to mitigate fee expenditures. *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988). This means that "[c]ounsel must mitigate [his] damages by correlating his response, in terms of hours and funds expended, to the merit of the claims." *Id.* (quotations omitted).

Once a lodestar figure is calculated, the court may "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Office of Phillip J. Rotche & Assoc., P.C.*, 574

F.3d 852, 856-57 (7th Cir. 2009). In doing so, the court must "provide a clear and concise explanation for its award, and may not 'eyeball' and decrease the fee by an arbitrary percentage because of a visceral reaction that the request is excessive." *Id.* at 857.

Defendants have submitted a request for $16,050 in attorney's fees. (Docket #44). They report that this amount represents substantial self-editing of their counsel's timesheets, including seeking recompense for only one of their two lawyers and declining to seek fees for work performed that was not ultimately presented to the Court. *See id.* at 2–4. The sought-after amount includes, primarily, review of Novoselsky's complaint, legal research, telephone calls with other co-counsel regarding litigation strategy, and preparation of the motion to dismiss and the reply brief relating thereto. *See* (Docket #44-1 at 2–4). In total, Defendants seek payment for 53.5 hours of work (at counsel's above-stated, unchallenged rate of $300 per hour). *Id.* at 5. They believe that their counsel's fee, which approximates a week's worth of work over a four-month period and a little over a tenth of the $100,000 amount in controversy stated in the complaint, is reasonable. *Id.* at 4–5.

Novoselsky does not seek to nitpick counsel's time records. (Docket #45 at 1). Instead, he relies upon an order of the Seventh Circuit, previously referenced in the Court's order on the motion for sanctions, in which the appellate court substantially cut Defendants' lawyer's time in awarding fees for Novoselsky's frivolous appeal in *MB Financial, N.A. v. Stevens*, No. 11-2603. *See id.* at 2–3. The court stated that because the appeal was frivolous, it should not have cost over $40,000, the amount requested, to defend it. (Docket #39-2 at 2). That was well above the fee award in the district court. *Id.* Moreover, counsel claimed to have spent nearly three

billable days preparing for a 15-minute appellate argument, which the court found indicative of "padding." *Id.* In the end, the Seventh Circuit awarded as an appellate fee half the underlying fee award in the district court. *Id.* For Defendants' counsel in this case, that came to $5,000. *Id.*

As in that appeal, Novoselsky alleges that here that counsel's claimed time is disproportionate to the needs of the case. (Docket #45 at 3). First, conceding the frivolousness of this action, he says that it should have taken less time to defend against his frivolous complaint as opposed to one that might have had merit. *Id.* Thus, Novoselsky believes that an award of three times the amount awarded to this lawyer in the Seventh Circuit appeal is too much.

His second argument is that certain time entries belie the same padding that the Seventh Circuit detected in *Stevens*. For instance, counsel purports to have spent over twenty-five hours on legal research, drafting, and conferences with co-counsel in preparing Defendants' motion to dismiss and the accompanying Rule 11 safe-harbor letter. *Id.* at 4–5. (Defendants' counsel did not seek compensation for the time expended actually preparing that letter.) Novoselsky points out that if twenty-six hours were needed to carefully research and determine that the complaint was frivolous, the remaining twenty-seven hours of time were cumulative and unnecessary. *Id.* As such, Novoselsky contends that the Court should use the Seventh Circuit's fee award of $5,000 in *Stevens* as a ceiling for its award in this case. *Id.*

Defendants reply that the Seventh Circuit's *Stevens* decision reflects the principle that a frivolous appeal is easier to defeat than a frivolous action in the district court. (Docket #49 at 1). Because counsel was engaged in trial court litigation in this instance, the appellate fee award is not

comparable. *Id.* Next, Defendants argue that their time expenditures after the motion to dismiss were reasonably related to Novoselsky's numerous post-complaint filings, which required research, conference, and response. *Id.*

The Court, having carefully reviewed counsel's time records and the relevant authorities, finds that a reasonable fee award in this case is $12,000. As to Novoselsky's first challenge—that the *Stevens* case should be a guiding light here—the Court finds both parties' positions to miss the mark. True, as Defendants contend, the Seventh Circuit was primarily concerned with appellate fees exceeding those expended in the district court. But at least part of the Seventh Circuit's point in *Stevens* was also that defending against frivolous cases should be easier and less time-consuming than defending against those with a modicum of merit. Other Seventh Circuit decisions buttress this view. *See Kathrein v. Monar*, 218 F. App'x 530, 532 (7th Cir. 2007) (comparing costs to defend against a frivolous suit to those needed to litigate against a frivolous appeal). This Court is in agreement with that broad principle.

The idea that Novoselsky's frivolous complaint should have been easier to defend against than a meritorious complaint (but more difficult than a frivolous appeal) dovetails into Novoselsky's second argument about over-billing, which the Court finds slightly more persuasive. Appellate guidance on how long a particular task should take is sparse, and with good reason; each case presents its own challenges and bright-line rules simply do not work. Thus, at the outset the Court finds that the *Stevens* award would be an arbitrary cap for the award in this case. But the Seventh Circuit did make a cogent observation in *Kathrein* when, in assessing defense counsel's claim for 200 hours of work for seven filings made, it said,

"[w]e have instructed that 57.5 hours, or $8,000, to defend a frivolous suit (albeit on appeal) is unreasonable, *see* [*Szopa v. United States*, 460 F.3d 884, 887 (7th Cir. 2006)], and 13.7 hours, or $4,354, to prepare a single filing is 'too high,' *see* [*Budget Rent-A-Car Sys., Inc. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005)]. If 13.7 hours is too much for one filing then 191 hours is too much for seven." *Kathrein*, 218 F. App'x at 532.

The Court appreciates counsel's robust exercise of billing judgment in preparing the instant fee petition. However, setting aside counsel's review of the complaint and conferences about strategy—to the extent possible, given counsel's practice of block billing related tasks—Defendants' counsel spent 25–30 hours researching and drafting the motion to dismiss.[2] This was unreasonable. The Court appreciates that the factual history of this case is long and tortured, and the arguments warranting dismissal were numerous, but expending nearly a full week's worth of work on researching and drafting alone is too much. By the same token, it should be remembered that the challenged filing in *Budget Rent-A-Car*, cited in *Kathrein*, was only four pages and cited only five cases. *Budget Rent-A-Car Sys., Inc.*, 428 F.2d at 718. Defendants' motion was far longer and more complex, but a modest reduction in the fee is nevertheless warranted.

Furthermore, the Court must make a reduction for counsel's billing clerical work like filing documents with the Court. Such work is typically considered an overhead expense reflected in an attorney's billing rate, but it is not separately compensable because it is not the work of a lawyer. *See*

---

[2] Novoselsky believes that no conferences with co-counsel should be reimbursed, (Docket #45 at 4–5), but, as is his *modus operandi*, he cites no authority for the proposition. The Court does not find that such conferences are *per se* unreasonable or non-compensable.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal [or attorney] rate, regardless of who performs them."). If counsel is a solo practitioner who has forgone the services of clerical or paralegal staff, he is not entitled to an enhanced fee for taking that work on himself. *See Pecha v. Barnhart*, No. 05-C-0099-C, 2008 WL 3850388, at *2 (W.D. Wis. Mar. 8, 2009).

As such, the Court finds a reduction in the claimed hours is required. But neither party addressed the time records in granular fashion, and so the Court declines to do so on its own initiative. Moreover, Defendants' counsel's practice of block billing, while not impermissible in itself, prevents the Court from fully analyzing the time spent on discrete tasks. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). Thus, the Court will take Defendants' sought-after amount—$16,050—as the lodestar figure, then apply a 25-percent reduction across the board to account for excessive time expenditures and non-compensable time. *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage."). The result, rounded down slightly for simplicity's sake, is $12,000.

2. **MOTION TO CONSOLIDATE CASES**

One other matter needs to be addressed. Just prior to the close of briefing on Defendants' fee petition, attorney John Xydakis ("Xydakis"), on behalf of himself and two other individuals ("Movants"), filed a motion to consolidate another action pending in this District, Case No. 17-CV-477-LA (E.D. Wis.), with the instant case. (Docket #46). In that case, Novoselsky

sued Xydakis and his associates based on facts similar to those underlying this action, including the Illinois sanctions award. *Id.* at 2–3. The case is presently pending before District Judge Lynn Adelman and is under an administrative stay he entered. Xydakis asks this Court to take over the proceedings in the lower-numbered case. This includes a motion Xydakis filed contemporaneously with his motion to consolidate, in which he requests that the Court bar Novoselsky from all future filings until he pays sanctions awarded in this and other cases. (Docket #47).

The Court will decline Xydakis' invitation. Certainly, the Court has broad discretion to consolidate cases when they share common issues of law or fact. Fed. R. Civ. P. 42(a); Civ. L. R. 42(a). And no doubt, at some level, after cutting through Novoselsky's byzantine factual allegations and legal arguments, there could be common thread between this case and Judge Adelman's. *See U.S. Bank Nat'l Assoc. v. Springfield Prairie Props., LLC*, No. 3:15–cv–3199, 2015 WL 13333510, at *1 (C.D. Ill. Dec. 16, 2015) (common questions of law or fact militate in favor of consolidation).

But Xydakis fails to appreciate two crucial facts which show that judicial economy will not be served by consolidation. *See id.* at *2; *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). First, the matter before Judge Adelman has been pending since April 3, 2017. Xydakis appeared in the case for the first time on September 12, 2017. Although there is no time limit on a motion to consolidate, prudence dictated that it should have come much earlier. Xydakis gives no explanation for the delay. And while Judge Adelman has not issued a merits ruling as yet, he has far greater familiarity with the proceedings that have been before him for the better part of a year.

This leads to the second vital consideration which Xydakis has missed: this case is over. The Court has issued a ruling on the merits of

Novoselsky's claims against the particular defendants in this action, has awarded Defendants sanctions after carefully reviewing the record and their allegations, and, prior to the filing of Xydakis' motion, had nothing left to do but engage in a straightforward review of Defendants' counsel's fee request and timesheets. In short, the Court has finished with its work on this matter and there is no reason to start afresh with different allegations against different defendants. *See Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989) (consolidation may be denied based on differing stages of litigation). Consequently, the Court will deny the motion to consolidate and deny as moot the motion for a litigation bar against Novoselsky. That motion may be resolved in the action before Judge Adelman or elsewhere, as appropriate.

Accordingly,

**IT IS ORDERED** that Defendants Jeanine L. Stevens and F. John Cushing, III be and the same are hereby **AWARDED** their reasonable attorney's fees in this action in the amount of $12,000.00 against Plaintiff David Alan Novoselsky in accordance with the Court's order of December 29, 2017 (Docket #42);

**IT IS FURTHER ORDERED** that the motion to consolidate filed by Movants Marshall Spiegel, John S. Xydakis, and Neil R. Meccia (Docket #46) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the motion for a litigation bar against Plaintiff filed by Movants Marshall Spiegel, John S. Xydakis, and Neil R. Meccia (Docket #47) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge